# EXHIBIT A

**Duane L. Lassiter, Esquire**
**Lassiter & Associates, PC**
**1515 Market Street**
**Suite 1200**
**Philadelphia, PA 19102**
**Id. No.: 81323**
**Telephone No.: 215-923-8833**
***DuaneLassiter@lassiterfirm.com***

**MAJOR JURY**

Filed and Attested by the
Office of Judicial Records
01 JUN 2026 11:05 pm
G. IMPERATO

**ATTORNEY FOR PLAINTIFF**

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**Zachery Collin Love**
**933 W. Butler Street**
**Basement**
**Philadelphia, PA 19140**

***Plaintiff,***

**v.**

**Southeastern Pennsylvania**
**Transportation Authority**
**1234 Market Street**
**Philadelphia, PA 19107**
**and**
**JOHN DOE DESIGNATION**
**1100 Main Street**
**Philadelphia, PA 19102**

***Defendants.***

**Term, 2026**

**No.:**

**COMPLAINT IN PERSONAL INJURY**
**2O - OTHER**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH THE INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y Puede contunuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGARTAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONA LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGULAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LA LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL:
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**COMPLAINT IN PERSONAL INJURY**
**2O - OTHER**

1. Plaintiff, Zachery Collin Love, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter, "Septa"), is a political subdivision of the Commonwealth of Pennsylvania with an address listed in the above caption who at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the Septa Bus operated by an unidentified operator.

3. Defendant, John Doe Designation, is a fictitious designation.

4. Defendant, John Doe Designation, is an unknown Septa operator, employed by a governmental entity and was acting within the course and scope of his employment and under the color of state law.

5. Defendant, John Doe Designation's, actual name is unknown to plaintiff after having conducted a reasonable search with due diligence, including, but not limited to, a search of all investigative reports by the Philadelphia Police Department and inquiries with defendants.

6. Defendant, John Doe Designation, is a black male, approximately 35-40 years old with a crop haircut and medium build.

7. While performing his duties as a publicly employed bus driver, Defendant John Doe Designation intentionally used unlawful physical force against Plaintiff without justification, causing serious bodily injury, emotional distress, humiliation, and deprivation of rights secured by the Constitution and laws of the United States.

8. The defendants' conduct constituted an abuse of governmental authority and violated Plaintiff's clearly established constitutional rights

9. Defendant, John Doe Designation, was at all times material hereto acting as a lessee, agent, servant, workman and/or employee of Septa with Septa's express, apparent and/or implied permission, authorization and/or consent.

10. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendant John Doe Designation is a currently unidentified, fictitious individual(s) and/or entity(ies) given the Doe designation in this action since his/her/their actual name/identity is unknown despite a reasonable and diligent search.

11. Plaintiff reserves the right to amend this Complaint and name said unknown individual(s) and/or entity(ies), as a defendant pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

12. On or about June 1, 2024, plaintiff, Zachery Collin Love, was a passenger on the Route 47 bus traveling in a southbound direction in the vicinity of 5th Street and Roosevelt Boulevard, in the City of Philadelphia and County of Philadelphia, Pennsylvania.

13. At the same date and time, defendant, John Doe Designation, operated defendant, Septa's, Route 47 bus, near the vicinity of 5th Street and Roosevelt Boulevard, in the City of Philadelphia and County of Philadelphia, Pennsylvania.

14. During the course of his riding on the Route 47 bus, plaintiff complied with all lawful instructions and posed no threat to the safety of Defendant John Doe Designation, other passengers, or the public.

15. During the course of plaintiff's ride on the Route 47 bus, Defendant John Doe Designation became agitated and confrontational.



Case ID: 260600158

16. Acting under color of his governmental authority and while performing his official duties and powers made possible solely by virtue of his governmental employment, Defendant, John Doe Designation, physically confronted Plaintiff.

17. Without lawful justification, Defendant John Doe Designation intentionally shoved, struck, grabbed, and/or otherwise physically assaulted Plaintiff.

18. Defendant, John Doe Designation, used force that was objectively unreasonable under the circumstances.

19. Defendant John Doe Designation's actions were intentional, malicious, reckless, and undertaken with deliberate disregard for the plaintiff's constitutional rights.

20. As a direct result of the assault, plaintiff suffered bodily injuries, pain, emotional distress, embarrassment, humiliation, and economic losses.

21. At all relevant times, Defendant John Doe acted under color of state law.

22. Upon information and belief, Defendant, Septa, maintained policies, customs, practices, or failures in supervision, discipline, hiring, retention, investigation, and training that caused or contributed to the constitutional violations described herein.

23. Upon information and belief, prior incidents involving employee misconduct, excessive force, passenger confrontations, or citizen complaints were known or should have been known to municipal policymakers.

24. Despite such notice, Defendant, Septa, failed to adequately train, supervise, monitor, investigate, and discipline employees, thereby exhibiting deliberate indifference to the constitutional rights of members of the public

25. As a result of this incident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

**Count I**

**Zachery Collin Love v. John Doe Designation**
**Personal Injury**

26. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

27. The negligence, and/or carelessness of defendant, John Doe Designation, consisted of the following:

a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Being inattentive to defendant's duties as an operator of a motor vehicle;

d. Negligently touching, restraining and assaulting the plaintiff;

e. Liability-producing conduct arising from the circumstances set forth above;

f. Liability for the negligent and careless acts as set forth above;

g. Negligently causing a harmful or offensive contact with plaintiff by forcibly placing hands, fists and feet on the plaintiff;

h. Negligently contacting the plaintiff in a harmful and offensive manner when he knew or should have known that an injury could result from such conduct; and

i. Violating the various ordinances and statutes of the County of Philadelphia and City of Philadelphia and the Commonwealth of Pennsylvania, including but not limited to interaction with innocent citizens.

28. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the

bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

29. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

31. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

32. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment in plaintiff's favor and against John Doe Designation, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## Count II

## Zachery Collin Love v. Southeastern Pennsylvania Transportation Authority
## Personal Injury

33. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

34. At all times relevant to the causes of action set forth herein, defendant, John Doe Designation, was employed by the defendant, Septa.

35. At all times relevant to the causes of actions alleged herein, defendant, John Doe Designation, was under the supervision of defendant, Septa.

36. Defendant, Septa, has a policy and custom of providing inadequate training and supervision to its employees, including, but not limited to, defendant, John Doe Designation, on proper interaction with patrons and appropriate uses of force.

37. Defendant, John Doe Designation has exhibited a deliberate indifference to the supervision and training of defendant, Septa, with respect to his duties and responsibilities as an employee and agent of Defendant, Septa, including, but not limited to, assaulting and improperly touching and interacting with Septa patrons.

38. Defendant, Septa's, failure to provide proper training and supervision to the defendant, John Doe Designation, resulted in plaintiff being injured by defendant, John Doe Designation.

39. The actions of defendant, John Doe Designation, were the direct result of defendant, Septa's, failure to provide proper training and supervision to defendant, John Doe Designation's, pattern, practice, and custom of not properly disciplining employees who violated patrons' rights by engaging in batteries and undue and unnecessary force.

40. At all times relevant to the causes of actions alleged herein, Defendant, John Doe Designation, detained and assaulted Plaintiff unlawfully and without justification.

41. Defendant, Septa, knew or should have known that Defendant, John Doe Designation, possessed the propensity to use undue force and had previously used undue and unlawful force rendering him unfit or incompetent to work in his capacity as a bus driver.

42. The acts of Defendant, John Doe Designation were ratified and approved of by Defendant, Septa.

43. Defendant is vicariously liable for the acts and/or omissions of defendant's agents, employees, apparent agents, ostensible agents and/or independent contractors who were involved in the circumstances relating herein at all times relevant hereto.

44. The negligence, and/or carelessness of defendant, Septa, further consisted of the following:

a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Being inattentive to defendant's duties as an operator of a motor vehicle;

d. Negligently touching, restraining and assaulting the plaintiff;

e. Liability-producing conduct arising from the circumstances set forth above;

f. Liability for the negligent and careless acts as set forth above;

g. Negligently causing a harmful or offensive contact with plaintiff by forcibly placing hands, fists and feet on the plaintiff;

h. Negligently contacting the plaintiff in a harmful and offensive manner when he knew or should have known that an injury could result from such conduct; and

i. Violating the various ordinances and statutes of the County of Philadelphia and City of Philadelphia and the Commonwealth of Pennsylvania, including but not limited to interaction with innocent citizens

45. As a result of actions of the defendants, Plaintiff suffered physical, emotional and monetary damages.

46. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his

legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

47. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

48. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

49. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

50. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment in plaintiff's favor and against Southeastern Pennsylvania Transportation Authority, individually, jointly and/or severally in excess of Fifty Thousand ($50,000.00) Dollars together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## COUNT III

**Zachery Collin Love v. Septa and John Doe Designation**
**Assault and Battery**

51. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

52. Defendants' conduct as set forth above constituted offensive threats, touching, striking, punching, harming, and various other assaults and batteries.

53. In the alternative, the conduct of the defendants as set forth above was performed intentionally, and without provocation, justification or excuse.

54. In addition to the allegations of set forth above, the defendants' conduct was affirmative, wanton, willful, outrageous, deliberate, callous, reckless and in reckless disregard for the safety and well-being of plaintiff.

55. Defendants knowingly subjected plaintiff to a substantial likelihood of harm, despite full knowledge of the consequences substantially certain to occur as a result of his/its actions and did so in reckless disregard of the safety and well-being of plaintiff.

56. The conduct of defendants was outrageous and in willful and reckless disregard of plaintiff's interest, thus providing the basis for the imposition of punitive damages.

57. As a direct result of the negligent and/or careless conduct of the defendants, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

58. By reason of the aforesaid actions of the defendants, the plaintiff has been in the past and may in the future be obliged to expend large sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries.

59. The plaintiff further avers that as a result of the aforesaid occurrence, he has in the past and may be in the future be unable to attend to his normal and usual duties, affairs, avocations and occupation, to his great financial damage and loss.



Case ID: 260600158

60. The plaintiff further avers that as a result of the negligence and carelessness of the defendants, he has in the past and may in the future suffer severe physical pain, mental anguish, humiliation, loss of life’s pleasures and emotional distress

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against the defendants, Southeastern Pennsylvania Transportation Authority and John Doe Designation, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## COUNT IV

**Zachery Collin Love v. John Doe Designation**
**42 U.S.C. § 1983**

61. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

62. Defendant, John Doe Designation, acted under color of state law.

63. Defendant, John Doe Designation, intentionally used objectively unreasonable and excessive force against plaintiff.

64. Defendant, John Doe Designation's, conduct deprived plaintiff of rights secured by the Fourth and/or Fourteenth Amendments to the United States Constitution.

65. The constitutional rights violated by Defendant, John Doe Designation, were clearly established at the time of the incident.

66. As a direct and proximate result of Defendant, John Doe Designation's, actions, plaintiff suffered damages.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against defendant, John Doe Designation, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**COUNT V**

**Zachery Collin Love v. Septa**
**Municipal Liability – 42 U.S.C. § 1983**

67. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

68. The constitutional violations suffered by plaintiff were caused by policies, customs, practices, failures to train, failures to supervise, failures to discipline, and deliberate indifference attributable to the municipal defendants.

69. Policymakers knew or should have known that inadequate training and supervision created a substantial risk that employees would violate constitutional rights.

70. Septa failed to take reasonable corrective action despite actual or constructive notice of such risks.

71. The unconstitutional policies, customs, and practices were a moving force behind the injuries sustained by the plaintiff.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against defendant, Southeastern Pennsylvania Transportation Authority, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

Respectfully submitted,

**LASSITER & ASSOCIATES, P.C.**

**By:** ______________________________

**Duane L. Lassiter, Esquire**
Attorney for Plaintiff

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS MAY BE SERVED AND ATTACHED TO PLAINTIFF'S ORIGINAL COMPLAINT AT THE TIME OF SERVICE OF ORIGINAL PROCESS IS OR WAS EFFECUATED.**

**VERIFICATION**

The averments or denials of fact contained in the foregoing are true and based upon the signer's knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa.C.S.A § 4904, relating to unsworn falsification to authorities.

Duane L. Lassiter, Esquire

DATE: June 1, 2026

# EXHIBIT B

Court of Common Pleas - Civil

# Civil Docket Report

View Cart Items in Cart: **4** Total: **$ 9.50** Log Out Welcome JOSHUA D. GROFF

A $5 Convenience fee will be added to the transaction at checkout.

< New Search

## Case Description

**Case ID:** 260600158

**Case Caption:** COLLIN LOVE VS SOUTHEASTERN PENNSYLVANIA TRANSPORT

**Filing Date:** Monday , June 01st, 2026

**Court:** MAJOR JURY-EXPEDITED

**Location:** CITY HALL

**Jury:** JURY

**Case Type:** PERSONAL INJURY - OTHER

**Status:** LISTED FOR CASE MGMT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 21-OCT-2026 01:00 PM | VIA ADVANCED COMMUN. TECH. | REMOTE HEARING | *unassigned* |

## Case Motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | LASSITER, DUANE L |
| **Address:** | 1515 MARKET ST<br>SUITE 1200<br>PHILADELPHIA PA 19102<br>(215)923-8833<br>DuaneLassiter@lassiterfirm.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | COLLIN LOVE, ZACHERY |
| **Address:** | 933 W. BUTLER STREET<br>BASEMENT<br>PHILADELPHIA PA 19140 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | DEFENDANT | SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY |
| **Address:** | 1234 MARKET STREET<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | DEFENDANT | DOE DESIGNATION, JOHN |
| **Address:** | 1100 MAIN STREET<br>PHILADELPHIA PA 19102 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | TEAM LEADER | BRIGHT, GWENDOLYN N |
| **Address:** | 1206 STOUT CENTER FOR C.J.<br>1301 FILBERT ST.<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 01-JUN-2026 11:05 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2606004002 | | |
| | | | |
| 01-JUN-2026 11:05 PM | COMMENCEMENT CIVIL ACTION JURY | LASSITER, DUANE L | |

| | | | |
|---|---|---|---|
| **Documents:** | *Click link(s) to preview/purchase the documents* Final Cover | | Add All to Cart |
| **Docket Entry:** | *none.* | | |
| | | | |
| 01-JUN-2026 11:05 PM | COMPLAINT FILED NOTICE GIVEN | LASSITER, DUANE L | |
| **Documents:** | *Click link(s) to preview/purchase the documents* Zachaery Collin Love Complaint.pdf | | Add All to Cart |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 01-JUN-2026 11:05 PM | JURY TRIAL PERFECTED | LASSITER, DUANE L | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 01-JUN-2026 11:05 PM | WAITING TO LIST CASE MGMT CONF | LASSITER, DUANE L | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 08-JUL-2026 04:13 PM | PRAECIPE TO REINSTATE CMPLT | LASSITER, DUANE L | |
| **Documents:** | *Click link(s) to preview/purchase the documents* Praecipe to reinstate -08.07.26.pdf IN CART | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF ZACHERY COLLIN LOVE) | | |
| | | | |
| 07-AUG-2026 01:49 PM | PRAECIPE TO REINSTATE CMPLT | LASSITER, DUANE L | |
| **Documents:** | *Click link(s) to preview/purchase the documents* 07.08.26 Praecipe to reinstate.pdf IN CART | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF ZACHERY COLLIN LOVE) ENTRY OF APPEARANCE FILED ON BEHALF OF ZACHERY COLLIN LOVE. | | |
| | | | |
| 12-AUG-2026 04:50 PM | LISTED FOR CASE MGMT CONF | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 13-AUG-2026 07:32 AM | NOTICE GIVEN | | |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 02-SEP-2026. | | |
| | | | |
| 19-AUG-2026 12:46 PM | AFFIDAVIT OF SERVICE FILED | | |
| **Documents:** | *Click link(s) to preview/purchase the documents*<br>email love v septa.pdf IN CART<br>septa lassiter.pdf IN CART | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF NOTICE TO DEFEND AND COMPLAINT IN PERSONAL INJURY 20-OTHER UPON SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY BY PERSONAL SERVICE ON 08/19/2026 FILED. | | |
| | | | |
| 02-SEP-2026 01:13 PM | CASE RESCHEDULED BY COURT | LAWLOR, BRIAN | |
| **Docket Entry:** | PLAINTIFF TO DOCKET PERSONAL SERVICE. | | |
| | | | |
| 02-SEP-2026 01:14 PM | LISTED FOR CASE MGMT CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 03-SEP-2026 07:31 AM | NOTICE GIVEN | | |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 21-OCT-2026. | | |

^ Go to Top

# **EXHIBIT C**

**Duane L. Lassiter, Esquire**
**Lassiter & Associates, PC**
**1515 Market Street**
**Suite 1200**
**Philadelphia, 19102**
**Telephone No.: 215-923-8833**
**ID No.: 81323**
***DuaneLassiter@lassiterfirm.com***

Filed and Attested by the
Office of Judicial Records
08 JUL 2026 04:13 pm
B. BALILONIS

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **ZACHERY COLLIN LOVE** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **v.** | **260600158** |
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, ET AL** | |

**PRAECIPE TO REINSTATE COMPLAINT**

**TO THE PROTHONOTARY:**

Kindly reinstate the Complaint in the above matter for purposes of service on the Defendants.

**LASSITER & ASSOCIATES, P.C.**

**By:** ***/S/ DUANE L. LASSITER***
**DUANE L. LASSITER, ESQUIRE**

**Date: July 8, 2026**

**Duane L. Lassiter, Esquire**
**Lassiter & Associates, PC**
**1515 Market Street**
**Suite 1200**
**Philadelphia, PA 19102**
**Id. No.: 81323**
**Telephone No.: 215-923-8833**
***DuaneLassiter@lassiterfirm.com***

**MAJOR JURY**

Filed and Attested by the
Office of Judicial Records
08 JUN 2026 04:13 pm
E. HAMPTON

**ATTORNEY FOR PLAINTIFF**

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**Zachery Collin Love**
**933 W. Butler Street**
**Basement**
**Philadelphia, PA 19140**

***Plaintiff,***

**v.**

**Southeastern Pennsylvania**
**Transportation Authority**
**1234 Market Street**
**Philadelphia, PA 19107**

**and**

**JOHN DOE DESIGNATION**
**1100 Main Street**
**Philadelphia, PA 19102**

***Defendants.***

**Term, 2026**

**No.:**

## COMPLAINT IN PERSONAL INJURY
## <u>2O - OTHER</u>

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH THE INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y Puede contunuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGARTAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONA LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGULAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LA LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL:
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**COMPLAINT IN PERSONAL INJURY**
**2O - OTHER**

1. Plaintiff, Zachery Collin Love, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter, "Septa"), is a political subdivision of the Commonwealth of Pennsylvania with an address listed in the above caption who at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the Septa Bus operated by an unidentified operator.

3. Defendant, John Doe Designation, is a fictitious designation.

4. Defendant, John Doe Designation, is an unknown Septa operator, employed by a governmental entity and was acting within the course and scope of his employment and under the color of state law.

5. Defendant, John Doe Designation's, actual name is unknown to plaintiff after having conducted a reasonable search with due diligence, including, but not limited to, a search of all investigative reports by the Philadelphia Police Department and inquiries with defendants.

6. Defendant, John Doe Designation, is a black male, approximately 35-40 years old with a crop haircut and medium build.

7. While performing his duties as a publicly employed bus driver, Defendant John Doe Designation intentionally used unlawful physical force against Plaintiff without justification, causing serious bodily injury, emotional distress, humiliation, and deprivation of rights secured by the Constitution and laws of the United States.

8. The defendants' conduct constituted an abuse of governmental authority and violated Plaintiff's clearly established constitutional rights

9. Defendant, John Doe Designation, was at all times material hereto acting as a lessee, agent, servant, workman and/or employee of Septa with Septa's express, apparent and/or implied permission, authorization and/or consent.

10. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendant John Doe Designation is a currently unidentified, fictitious individual(s) and/or entity(ies) given the Doe designation in this action since his/her/their actual name/identity is unknown despite a reasonable and diligent search.

11. Plaintiff reserves the right to amend this Complaint and name said unknown individual(s) and/or entity(ies), as a defendant pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

12. On or about June 1, 2024, plaintiff, Zachery Collin Love, was a passenger on the Route 47 bus traveling in a southbound direction in the vicinity of 5th Street and Roosevelt Boulevard, in the City of Philadelphia and County of Philadelphia, Pennsylvania.

13. At the same date and time, defendant, John Doe Designation, operated defendant, Septa's, Route 47 bus, near the vicinity of 5th Street and Roosevelt Boulevard, in the City of Philadelphia and County of Philadelphia, Pennsylvania.

14. During the course of his riding on the Route 47 bus, plaintiff complied with all lawful instructions and posed no threat to the safety of Defendant John Doe Designation, other passengers, or the public.

15. During the course of plaintiff's ride on the Route 47 bus, Defendant John Doe Designation became agitated and confrontational.

16. Acting under color of his governmental authority and while performing his official duties and powers made possible solely by virtue of his governmental employment, Defendant, John Doe Designation, physically confronted Plaintiff.

17. Without lawful justification, Defendant John Doe Designation intentionally shoved, struck, grabbed, and/or otherwise physically assaulted Plaintiff.

18. Defendant, John Doe Designation, used force that was objectively unreasonable under the circumstances.

19. Defendant John Doe Designation's actions were intentional, malicious, reckless, and undertaken with deliberate disregard for the plaintiff's constitutional rights.

20. As a direct result of the assault, plaintiff suffered bodily injuries, pain, emotional distress, embarrassment, humiliation, and economic losses.

21. At all relevant times, Defendant John Doe acted under color of state law.

22. Upon information and belief, Defendant, Septa, maintained policies, customs, practices, or failures in supervision, discipline, hiring, retention, investigation, and training that caused or contributed to the constitutional violations described herein.

23. Upon information and belief, prior incidents involving employee misconduct, excessive force, passenger confrontations, or citizen complaints were known or should have been known to municipal policymakers.

24. Despite such notice, Defendant, Septa, failed to adequately train, supervise, monitor, investigate, and discipline employees, thereby exhibiting deliberate indifference to the constitutional rights of members of the public

25. As a result of this incident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

**Count I**

**Zachery Collin Love v. John Doe Designation**
**Personal Injury**

26. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

27. The negligence, and/or carelessness of defendant, John Doe Designation, consisted of the following:

a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;
b. Failing to have said vehicle under proper and adequate control;
c. Being inattentive to defendant's duties as an operator of a motor vehicle;
d. Negligently touching, restraining and assaulting the plaintiff;
e. Liability-producing conduct arising from the circumstances set forth above;
f. Liability for the negligent and careless acts as set forth above;
g. Negligently causing a harmful or offensive contact with plaintiff by forcibly placing hands, fists and feet on the plaintiff;
h. Negligently contacting the plaintiff in a harmful and offensive manner when he knew or should have known that an injury could result from such conduct; and
i. Violating the various ordinances and statutes of the County of Philadelphia and City of Philadelphia and the Commonwealth of Pennsylvania, including but not limited to interaction with innocent citizens.

28. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the

bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

29. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

31. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

32. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment in plaintiff's favor and against John Doe Designation, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**Count II**

**Zachery Collin Love v. Southeastern Pennsylvania Transportation Authority**
**Personal Injury**

33. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

34. At all times relevant to the causes of action set forth herein, defendant, John Doe Designation, was employed by the defendant, Septa.

35. At all times relevant to the causes of actions alleged herein, defendant, John Doe Designation, was under the supervision of defendant, Septa.

36. Defendant, Septa, has a policy and custom of providing inadequate training and supervision to its employees, including, but not limited to, defendant, John Doe Designation, on proper interaction with patrons and appropriate uses of force.

37. Defendant, John Doe Designation has exhibited a deliberate indifference to the supervision and training of defendant, Septa, with respect to his duties and responsibilities as an employee and agent of Defendant, Septa, including, but not limited to, assaulting and improperly touching and interacting with Septa patrons.

38. Defendant, Septa's, failure to provide proper training and supervision to the defendant, John Doe Designation, resulted in plaintiff being injured by defendant, John Doe Designation.

39. The actions of defendant, John Doe Designation, were the direct result of defendant, Septa's, failure to provide proper training and supervision to defendant, John Doe Designation's, pattern, practice, and custom of not properly disciplining employees who violated patrons' rights by engaging in batteries and undue and unnecessary force.

40. At all times relevant to the causes of actions alleged herein, Defendant, John Doe Designation, detained and assaulted Plaintiff unlawfully and without justification.

41. Defendant, Septa, knew or should have known that Defendant, John Doe Designation, possessed the propensity to use undue force and had previously used undue and unlawful force rendering him unfit or incompetent to work in his capacity as a bus driver.

42. The acts of Defendant, John Doe Designation were ratified and approved of by Defendant, Septa.

43. Defendant is vicariously liable for the acts and/or omissions of defendant's agents, employees, apparent agents, ostensible agents and/or independent contractors who were involved in the circumstances relating herein at all times relevant hereto.

44. The negligence, and/or carelessness of defendant, Septa, further consisted of the following:

a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Being inattentive to defendant's duties as an operator of a motor vehicle;

d. Negligently touching, restraining and assaulting the plaintiff;

e. Liability-producing conduct arising from the circumstances set forth above;

f. Liability for the negligent and careless acts as set forth above;

g. Negligently causing a harmful or offensive contact with plaintiff by forcibly placing hands, fists and feet on the plaintiff;

h. Negligently contacting the plaintiff in a harmful and offensive manner when he knew or should have known that an injury could result from such conduct; and

i. Violating the various ordinances and statutes of the County of Philadelphia and City of Philadelphia and the Commonwealth of Pennsylvania, including but not limited to interaction with innocent citizens

45. As a result of actions of the defendants, Plaintiff suffered physical, emotional and monetary damages.

46. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his

legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

47. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

48. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

49. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

50. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment in plaintiff's favor and against Southeastern Pennsylvania Transportation Authority, individually, jointly and/or severally in excess of Fifty Thousand ($50,000.00) Dollars together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## COUNT III

### Zachery Collin Love v. Septa and John Doe Designation
### Assault and Battery

51. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

52. Defendants' conduct as set forth above constituted offensive threats, touching, striking, punching, harming, and various other assaults and batteries.

53. In the alternative, the conduct of the defendants as set forth above was performed intentionally, and without provocation, justification or excuse.

54. In addition to the allegations of set forth above, the defendants' conduct was affirmative, wanton, willful, outrageous, deliberate, callous, reckless and in reckless disregard for the safety and well-being of plaintiff.

55. Defendants knowingly subjected plaintiff to a substantial likelihood of harm, despite full knowledge of the consequences substantially certain to occur as a result of his/its actions and did so in reckless disregard of the safety and well-being of plaintiff.

56. The conduct of defendants was outrageous and in willful and reckless disregard of plaintiff's interest, thus providing the basis for the imposition of punitive damages.

57. As a direct result of the negligent and/or careless conduct of the defendants, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

58. By reason of the aforesaid actions of the defendants, the plaintiff has been in the past and may in the future be obliged to expend large sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries.

59. The plaintiff further avers that as a result of the aforesaid occurrence, he has in the past and may be in the future be unable to attend to his normal and usual duties, affairs, avocations and occupation, to his great financial damage and loss.

60. The plaintiff further avers that as a result of the negligence and carelessness of the defendants, he has in the past and may in the future suffer severe physical pain, mental anguish, humiliation, loss of life's pleasures and emotional distress

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against the defendants, Southeastern Pennsylvania Transportation Authority and John Doe Designation, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**COUNT IV**

**Zachery Collin Love v. John Doe Designation**
**42 U.S.C. § 1983**

61. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

62. Defendant, John Doe Designation, acted under color of state law.

63. Defendant, John Doe Designation, intentionally used objectively unreasonable and excessive force against plaintiff.

64. Defendant, John Doe Designation's, conduct deprived plaintiff of rights secured by the Fourth and/or Fourteenth Amendments to the United States Constitution.

65. The constitutional rights violated by Defendant, John Doe Designation, were clearly established at the time of the incident.

66. As a direct and proximate result of Defendant, John Doe Designation's, actions, plaintiff suffered damages.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against defendant, John Doe Designation, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**COUNT V**

**Zachery Collin Love v. Septa**
**<u>Municipal Liability – 42 U.S.C. § 1983</u>**

67. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

68. The constitutional violations suffered by plaintiff were caused by policies, customs, practices, failures to train, failures to supervise, failures to discipline, and deliberate indifference attributable to the municipal defendants.

69. Policymakers knew or should have known that inadequate training and supervision created a substantial risk that employees would violate constitutional rights.

70. Septa failed to take reasonable corrective action despite actual or constructive notice of such risks.

71. The unconstitutional policies, customs, and practices were a moving force behind the injuries sustained by the plaintiff.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against defendant, Southeastern Pennsylvania Transportation Authority, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

Respectfully submitted,

**LASSITER & ASSOCIATES, P.C.**

**By:** ______________________________

**Duane L. Lassiter, Esquire**
Attorney for Plaintiff

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS MAY BE SERVED AND ATTACHED TO PLAINTIFF'S ORIGINAL COMPLAINT AT THE TIME OF SERVICE OF ORIGINAL PROCESS IS OR WAS EFFECUATED.**

**VERIFICATION**

The averments or denials of fact contained in the foregoing are true and based upon the signer's knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa.C.S.A § 4904, relating to unsworn falsification to authorities.

Duane L. Lassiter, Esquire

DATE: June 1, 2026

# EXHIBIT D

**Duane L. Lassiter, Esquire**
**Lassiter & Associates, PC**
**1515 Market Street**
**Suite 1200**
**Philadelphia, PA 19102**
**Telephone No.: 215-923-8833**
**ID No.: 81323**
***DuaneLassiter@lassiterfirm.com***

Filed and Attested by the
Office of Judicial Records
07 AUG 2026 01:49 pm
B. BALILONIS

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **ZACHERY COLLIN LOVE** | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| **v.** | **260600158** |
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, ET AL** | |

**PRAECIPE TO REINSTATE COMPLAINT**

**TO THE PROTHONOTARY:**

Kindly reinstate the Complaint in the above matter for purposes of service on the Defendants.

**LASSITER & ASSOCIATES, P.C.**

**By:** ***/S/ DUANE L. LASSITER***
**DUANE L. LASSITER, ESQUIRE**

**Date: August 7, 2026**

**Duane L. Lassiter, Esquire**
**Lassiter & Associates, PC**
**1515 Market Street**
**Suite 1200**
**Philadelphia, PA 19102**
**Id. No.: 81323**
**Telephone No.: 215-923-8833**
***DuaneLassiter@lassiterfirm.com***

**MAJOR JURY**

Filed and Attested by the
Office of Judicial Records
07 AUG 2026 01:49 pm
E. HAMPTON

**ATTORNEY FOR PLAINTIFF**

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**Zachery Collin Love**
**933 W. Butler Street**
**Basement**
**Philadelphia, PA 19140**

***Plaintiff,***

**v.**

**Southeastern Pennsylvania**
**Transportation Authority**
**1234 Market Street**
**Philadelphia, PA 19107**
**and**
**JOHN DOE DESIGNATION**
**1100 Main Street**
**Philadelphia, PA 19102**

***Defendants.***

**Term, 2026**

**No.:**

**COMPLAINT IN PERSONAL INJURY**
**<u>2O - OTHER</u>**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH THE INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y Puede contunuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGARTAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONA LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGULAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LA LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL:
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**COMPLAINT IN PERSONAL INJURY**
**<u>2O - OTHER</u>**

1. Plaintiff, Zachery Collin Love, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter, "Septa"), is a political subdivision of the Commonwealth of Pennsylvania with an address listed in the above caption who at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the Septa Bus operated by an unidentified operator.

3. Defendant, John Doe Designation, is a fictitious designation.

4. Defendant, John Doe Designation, is an unknown Septa operator, employed by a governmental entity and was acting within the course and scope of his employment and under the color of state law.

5. Defendant, John Doe Designation's, actual name is unknown to plaintiff after having conducted a reasonable search with due diligence, including, but not limited to, a search of all investigative reports by the Philadelphia Police Department and inquiries with defendants.

6. Defendant, John Doe Designation, is a black male, approximately 35-40 years old with a crop haircut and medium build.

7. While performing his duties as a publicly employed bus driver, Defendant John Doe Designation intentionally used unlawful physical force against Plaintiff without justification, causing serious bodily injury, emotional distress, humiliation, and deprivation of rights secured by the Constitution and laws of the United States.

8. The defendants' conduct constituted an abuse of governmental authority and violated Plaintiff's clearly established constitutional rights

9. Defendant, John Doe Designation, was at all times material hereto acting as a lessee, agent, servant, workman and/or employee of Septa with Septa's express, apparent and/or implied permission, authorization and/or consent.

10. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendant John Doe Designation is a currently unidentified, fictitious individual(s) and/or entity(ies) given the Doe designation in this action since his/her/their actual name/identity is unknown despite a reasonable and diligent search.

11. Plaintiff reserves the right to amend this Complaint and name said unknown individual(s) and/or entity(ies), as a defendant pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

12. On or about June 1, 2024, plaintiff, Zachery Collin Love, was a passenger on the Route 47 bus traveling in a southbound direction in the vicinity of 5th Street and Roosevelt Boulevard, in the City of Philadelphia and County of Philadelphia, Pennsylvania.

13. At the same date and time, defendant, John Doe Designation, operated defendant, Septa's, Route 47 bus, near the vicinity of 5th Street and Roosevelt Boulevard, in the City of Philadelphia and County of Philadelphia, Pennsylvania.

14. During the course of his riding on the Route 47 bus, plaintiff complied with all lawful instructions and posed no threat to the safety of Defendant John Doe Designation, other passengers, or the public.

15. During the course of plaintiff's ride on the Route 47 bus, Defendant John Doe Designation became agitated and confrontational.

16. Acting under color of his governmental authority and while performing his official duties and powers made possible solely by virtue of his governmental employment, Defendant, John Doe Designation, physically confronted Plaintiff.

17. Without lawful justification, Defendant John Doe Designation intentionally shoved, struck, grabbed, and/or otherwise physically assaulted Plaintiff.

18. Defendant, John Doe Designation, used force that was objectively unreasonable under the circumstances.

19. Defendant John Doe Designation's actions were intentional, malicious, reckless, and undertaken with deliberate disregard for the plaintiff's constitutional rights.

20. As a direct result of the assault, plaintiff suffered bodily injuries, pain, emotional distress, embarrassment, humiliation, and economic losses.

21. At all relevant times, Defendant John Doe acted under color of state law.

22. Upon information and belief, Defendant, Septa, maintained policies, customs, practices, or failures in supervision, discipline, hiring, retention, investigation, and training that caused or contributed to the constitutional violations described herein.

23. Upon information and belief, prior incidents involving employee misconduct, excessive force, passenger confrontations, or citizen complaints were known or should have been known to municipal policymakers.

24. Despite such notice, Defendant, Septa, failed to adequately train, supervise, monitor, investigate, and discipline employees, thereby exhibiting deliberate indifference to the constitutional rights of members of the public

25. As a result of this incident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

**Count I**

**Zachery Collin Love v. John Doe Designation**
**Personal Injury**

26. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

27. The negligence, and/or carelessness of defendant, John Doe Designation, consisted of the following:

a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;
b. Failing to have said vehicle under proper and adequate control;
c. Being inattentive to defendant's duties as an operator of a motor vehicle;
d. Negligently touching, restraining and assaulting the plaintiff;
e. Liability-producing conduct arising from the circumstances set forth above;
f. Liability for the negligent and careless acts as set forth above;
g. Negligently causing a harmful or offensive contact with plaintiff by forcibly placing hands, fists and feet on the plaintiff;
h. Negligently contacting the plaintiff in a harmful and offensive manner when he knew or should have known that an injury could result from such conduct; and
i. Violating the various ordinances and statutes of the County of Philadelphia and City of Philadelphia and the Commonwealth of Pennsylvania, including but not limited to interaction with innocent citizens.

28. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the

bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

29. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

31. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

32. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment in plaintiff's favor and against John Doe Designation, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**Count II**

**Zachery Collin Love v. Southeastern Pennsylvania Transportation Authority**
**Personal Injury**

33. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

34. At all times relevant to the causes of action set forth herein, defendant, John Doe Designation, was employed by the defendant, Septa.

35. At all times relevant to the causes of actions alleged herein, defendant, John Doe Designation, was under the supervision of defendant, Septa.

36. Defendant, Septa, has a policy and custom of providing inadequate training and supervision to its employees, including, but not limited to, defendant, John Doe Designation, on proper interaction with patrons and appropriate uses of force.

37. Defendant, John Doe Designation has exhibited a deliberate indifference to the supervision and training of defendant, Septa, with respect to his duties and responsibilities as an employee and agent of Defendant, Septa, including, but not limited to, assaulting and improperly touching and interacting with Septa patrons.

38. Defendant, Septa's, failure to provide proper training and supervision to the defendant, John Doe Designation, resulted in plaintiff being injured by defendant, John Doe Designation.

39. The actions of defendant, John Doe Designation, were the direct result of defendant, Septa's, failure to provide proper training and supervision to defendant, John Doe Designation's, pattern, practice, and custom of not properly disciplining employees who violated patrons' rights by engaging in batteries and undue and unnecessary force.

40. At all times relevant to the causes of actions alleged herein, Defendant, John Doe Designation, detained and assaulted Plaintiff unlawfully and without justification.

41. Defendant, Septa, knew or should have known that Defendant, John Doe Designation, possessed the propensity to use undue force and had previously used undue and unlawful force rendering him unfit or incompetent to work in his capacity as a bus driver.

42. The acts of Defendant, John Doe Designation were ratified and approved of by Defendant, Septa.

43. Defendant is vicariously liable for the acts and/or omissions of defendant's agents, employees, apparent agents, ostensible agents and/or independent contractors who were involved in the circumstances relating herein at all times relevant hereto.

44. The negligence, and/or carelessness of defendant, Septa, further consisted of the following:

a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Being inattentive to defendant's duties as an operator of a motor vehicle;

d. Negligently touching, restraining and assaulting the plaintiff;

e. Liability-producing conduct arising from the circumstances set forth above;

f. Liability for the negligent and careless acts as set forth above;

g. Negligently causing a harmful or offensive contact with plaintiff by forcibly placing hands, fists and feet on the plaintiff;

h. Negligently contacting the plaintiff in a harmful and offensive manner when he knew or should have known that an injury could result from such conduct; and

i. Violating the various ordinances and statutes of the County of Philadelphia and City of Philadelphia and the Commonwealth of Pennsylvania, including but not limited to interaction with innocent citizens

45. As a result of actions of the defendants, Plaintiff suffered physical, emotional and monetary damages.

46. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his

legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

47. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

48. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

49. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

50. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment in plaintiff's favor and against Southeastern Pennsylvania Transportation Authority, individually, jointly and/or severally in excess of Fifty Thousand ($50,000.00) Dollars together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## COUNT III

### Zachery Collin Love v. Septa and John Doe Designation
### Assault and Battery

51. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

52. Defendants' conduct as set forth above constituted offensive threats, touching, striking, punching, harming, and various other assaults and batteries.

53. In the alternative, the conduct of the defendants as set forth above was performed intentionally, and without provocation, justification or excuse.

54. In addition to the allegations of set forth above, the defendants' conduct was affirmative, wanton, willful, outrageous, deliberate, callous, reckless and in reckless disregard for the safety and well-being of plaintiff.

55. Defendants knowingly subjected plaintiff to a substantial likelihood of harm, despite full knowledge of the consequences substantially certain to occur as a result of his/its actions and did so in reckless disregard of the safety and well-being of plaintiff.

56. The conduct of defendants was outrageous and in willful and reckless disregard of plaintiff's interest, thus providing the basis for the imposition of punitive damages.

57. As a direct result of the negligent and/or careless conduct of the defendants, the plaintiff, Zachery Collin Love, did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, shoulders, back, body and limbs including but not limited to: facial fractures; shocks to his legs, feet and knees; shocks to his nervous system; shocks to his back and neck; shocks to his limbs; as well as other injuries, the extent and nature of which are as yet not fully determined. The injuries and conditions suffered by plaintiff are believed to be permanent in nature and have in the past and may in the future cause the plaintiff great pain and suffering. Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

58. By reason of the aforesaid actions of the defendants, the plaintiff has been in the past and may in the future be obliged to expend large sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries.

59. The plaintiff further avers that as a result of the aforesaid occurrence, he has in the past and may be in the future be unable to attend to his normal and usual duties, affairs, avocations and occupation, to his great financial damage and loss.



Case ID: 260600158

60. The plaintiff further avers that as a result of the negligence and carelessness of the defendants, he has in the past and may in the future suffer severe physical pain, mental anguish, humiliation, loss of life's pleasures and emotional distress

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against the defendants, Southeastern Pennsylvania Transportation Authority and John Doe Designation, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## COUNT IV

**Zachery Collin Love v. John Doe Designation**
**42 U.S.C. § 1983**

61. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

62. Defendant, John Doe Designation, acted under color of state law.

63. Defendant, John Doe Designation, intentionally used objectively unreasonable and excessive force against plaintiff.

64. Defendant, John Doe Designation's, conduct deprived plaintiff of rights secured by the Fourth and/or Fourteenth Amendments to the United States Constitution.

65. The constitutional rights violated by Defendant, John Doe Designation, were clearly established at the time of the incident.

66. As a direct and proximate result of Defendant, John Doe Designation's, actions, plaintiff suffered damages.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against defendant, John Doe Designation, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**COUNT V**

**Zachery Collin Love v. Septa**
**Municipal Liability – 42 U.S.C. § 1983**

67. Plaintiff, Zachery Collin Love, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

68. The constitutional violations suffered by plaintiff were caused by policies, customs, practices, failures to train, failures to supervise, failures to discipline, and deliberate indifference attributable to the municipal defendants.

69. Policymakers knew or should have known that inadequate training and supervision created a substantial risk that employees would violate constitutional rights.

70. Septa failed to take reasonable corrective action despite actual or constructive notice of such risks.

71. The unconstitutional policies, customs, and practices were a moving force behind the injuries sustained by the plaintiff.

**WHEREFORE**, plaintiff, Zachery Collin Love, demands judgment against defendant, Southeastern Pennsylvania Transportation Authority, individually, jointly and/or severally, for an amount in excess of fifty thousand dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

Respectfully submitted,

**LASSITER & ASSOCIATES, P.C.**

**By:** ______________________________

**Duane L. Lassiter, Esquire**
Attorney for Plaintiff

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS MAY BE SERVED AND ATTACHED TO PLAINTIFF'S ORIGINAL COMPLAINT AT THE TIME OF SERVICE OF ORIGINAL PROCESS IS OR WAS EFFECUATED.**

**VERIFICATION**

The averments or denials of fact contained in the foregoing are true and based upon the signer's knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa.C.S.A § 4904, relating to unsworn falsification to authorities.

Duane L. Lassiter, Esquire

DATE: June 1, 2026

# EXHIBIT E

Outlook

**FW: Service of Process - Zachery Collin Love v. Southeastern Pennsylvania Tra...**

Filed and Attested by the
Office of Judicial Records
19 AUG 2026 12:46 pm
L. BREWINGTON

**From** Melody Hill <MHill@septa.org>
**Date** Wed 8/19/2026 7:54 AM
**To** info@itsdonecourier.com <info@itsdonecourier.com>
**Cc** Claims Intake <ClaimsIntake@septa.org>; Samuel Friedman <SFriedman@septa.org>

2 attachments (626 KB)
ZACHERY COLLIN LOVE COVER PAGE.pdf; ZACHERY COLLIN LOVE COMPLAINT.pdf;

Good Morning,

Septa hereby accepts service on the attached complaint for Love vs Septa on August 19, 2026

Thank You

**From:** info@itsdonecourier.com <info@itsdonecourier.com>
**Sent:** Tuesday, August 18, 2026 1:07 PM
**To:** Claims Intake <ClaimsIntake@septa.org>
**Subject:** Service of Process - Zachery Collin Love v. Southeastern Pennsylvania Transporation et al
**Importance:** High

Good afternoon,

Attached is a complaint being served on SEPTA. Case information belwo.

**Zachery Collin Love v. Southeastern Pennsylvania Transportation et al #260600158**

Please confirm receipt of this email accepting service.

Thank you

**it's DONE! Courier**

**Rely On Us.**

**Be Confident.**

**it's DONE!**

**Dana De Caro**

Administrative Assistant

2142 S. Broad Street, Lower Level
Philadelphia, PA 19145
215-925-DONE! (3663)
Fax 215-925-3660
**www.itsdonecourier.com**

## AFFIDAVIT OF SERVICE

OFFICE OF JUDICIAL RECORDS
Filed and Attested by the
Office of Judicial Records
19 AUG 2026 12:46 pm
L. BREWINGTON

| | | | |
|---|---|---|---|
| **Case:**<br>260600158 | **Court:**<br>COURT OF COMMON PLEAS | **County:**<br>PHILADELPHIA, PA | **Job:**<br>1664007 (Zachery Collin Love) |
| **Plaintiff / Petitioner:**<br>ZACHERY COLLIN LOVE | | **Defendant / Respondent:**<br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, ET AL. | |
| **Received by:**<br>it's DONE! Courier on August 18, 2026 | | **For:**<br>LASSITER & ASSOCIATES, PC | |
| **To be served upon:**<br>**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY** | | | |

I, Dana DeCaro, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, 1234 MARKET STREET, PHILAELPHIA, PA 19107
**Manner of Service:** E-Mailed, Business, August 19, 2026, 7:54 am EDT
**Documents:** NOTICE TO DEFEND AND COMPLAINT IN PERSONAL INJURY 2O - OTHER

**Additional Comments:**
Successful Attempt: August 19, 2026, 7:54 am EDT at 1234 MARKET STREET, PHILAELPHIA, PA 19107. Received by Melody Hill (agent in charge) via e-mail.
**Other:** Melody Hill (agent in charge) accepted by email at ClaimsIntake@septa.org. This is current policy since COVID-19 closure (see attachment) via email.

Dana DeCaro 8/19/26
Dana DeCaro **Date**

**it's DONE! Courier**
**2142 S. Broad Street, Lower Level**
**Philadelphia, PA 19145**
**215-925-3663**

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Andrea Patterson
**Notary Public**

8/19/26
**Date** **Commission Expires**

Commonwealth of Pennsylvania - Notary Seal
Andrea Patterson, Notary Public
Philadelphia County
My Commission Expires February 21, 2028
Commission Number 1267599

# EXHIBIT F

**OFFIT KURMAN, P.C.**
By: Mark E. Gottlieb, Esq. (ID No. 26595)
Ten Penn Center, Suite 2300
1801 Market Street
Philadelphia, PA 19103
(267) 338-1300
mgottlieb@offitkurman.com
justine.baakman@offitkurman.com
and
**GREEN, SILVERSTEIN, & GROFF LLC**
By: Joshua D. Groff, Esquire (ID #86191)
215 South Broad Street, Suite 500
Philadelphia, PA 19107
(215) 972-5520
jgroff@gsglawfirm.com

*Attorneys for Defendant, Southeastern Pennsylvania Transportation Authority and Officer Richard Donaldson*

| | |
|---|---|
| ZACHARY COLLIN LOVE,<br>*Plaintiff,*<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA), *et al.*<br>*Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JUNE TERM, 2026<br><br>NO.: 158 |

**NOTICE OF FILING OF DEFENDANTS' NOTICE OF REMOVAL**

TO THE PROTHONOTARY:

PLEASE TAKE NOTICE that Defendant Southeastern Pennsylvania Transportation Authority on September 18, 2026 filed a Notice of Removal in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, regarding the above-captioned matter.

In accordance with 28 U.S.C. § 1445, Defendant files herewith and attached hereto as Exhibit A a true and correct copy of the Notice of Removal.

Respectfully submitted,

/s/ Mark E. Gottlieb*, Esq.*
Mark E. Gottlieb, Esq.
Joshua D. Groff, Esq.
Attorneys for SEPTA

Dated: September 18, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Filing of Defendant's Notice of Removal was filed electronically on September 18, 2026, which constitutes service on counsel of record:

Duane L. Lassiter, Esq.
Lassiter & Associates, PC
1515 Market Street
Suite 1200
Philadelphia, PA 19102

Respectfully submitted,

/s/ Mark E. Gottlieb*, Esq.*
Mark E. Gottlieb, Esq.
Joshua D. Groff, Esq.
Attorneys for SEPTA

Dated: September 18, 2026